1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

ANTHONY G. BANKSTON,                    )    No. C 08-4324 MMC (PR)
10                                              )
                    Plaintiff,          )    **ORDER OF DISMISSAL; DENYING**
11                                              )    **AS MOOT PLAINTIFF'S**
        v.                              )    **APPLICATIONS TO PROCEED IN**
12                                              )    **FORMA PAUPERIS**
WARDEN ROBERT L. AYERS, et              )
13   al.,                                   )
                                        )    **(Docket Nos. 2, 4 & 6)**
14                  Defendants.          )
     _____    )
15

16          On September 15, 2008, plaintiff, a California prisoner incarcerated on Death Row at

17   San Quentin State Prison ("SQSP"), and proceeding pro se, filed the above-titled civil rights

18   action under 42 U.S.C. § 1983.  On October 22, 2008, plaintiff paid the filing fee.[1]

19                                        **DISCUSSION**

20   A.     Standard of Review

21          Under 28 U.S.C. § 1915A, a federal court must engage in a preliminary screening of

22   cases in which prisoners seek redress from a governmental entity or officer, or employee of a

23   governmental entity.  See 28 U.S.C. § 1915A(a).  The preliminary screening requirement

24   applies even where, as here, the prisoner has paid the filing fee and is not proceeding in

25   forma pauperis.  See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999) (joining Second,

26   Fifth, Sixth and Tenth Circuits in holding § 1915A applies even when prisoner pays full fee

27          _____
28          [1]As plaintiff has paid the filing fee, his pending applications for leave to proceed in
     forma pauperis, and his motion for an extension of time, made in connection with said
     applications, will be denied as moot.  (Docket Nos. 2, 4 & 6.)

at outset).

In its preliminary review of the complaint, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1),(2).  In particular, the court is accorded the power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).  To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  Id.  A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  See id. at 32-33.  Examples of factually frivolous claims include those describing fantastic or delusional scenarios.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).

Pro se pleadings, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  Additionally, a complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable.  Denton, 504 U.S. at 33.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

In his complaint, plaintiff makes the following allegations:

Since May 14, 2007, a Monday, this inmate has been the subject of torturous experiments and research, employing chemical-mind-altering poisons and a technological device with the capabilities of (1) Recalling "every" unsolved crime of pedophilia, Rape and murder I've committed, "facts I'm more than willing to confess to."  (2) creating anonymous, incessant ramblings/rantings, e.g., threatening one's immediate family with asset theft and sexual-slavery (sic) (3) Burning! shocking! and pricking my skin, even the skin on my phallus,

United States District Court
For the Northern District of California

1   (09.12.07, Wed.). (4) Imposing lewd a.sexuals (sic) upon my person, i.e.,
2   buttock humpings! phallic engorgings! Attempted phallic-tip arousals via air
    concentrations(?!) And lustful mutterings meant to implode me.

3   (Compl. at 3:12-21.)

4       As a defendant, plaintiff names Robert L. Ayers, the Warden at SQSP.  For relief,

5   plaintiff states he wants the court "[t]o solve 'all' unsolved crimes committed by this death

6   row inmate, which are 'exposed' via this ongoing complained about psychological/physical

7   attack!  To be given all information (including,) but not limited to, what I've been the subject

8   of!  To be given all names and titles of those involved and (3) three-billion dollars for

9   claims."  (Compl. at 3:28-4:4.)

10      The treatment a prisoner receives in prison and the conditions under which he is

11  confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney,

12  509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishment," the Eighth

13  Amendment places restraints on prison officials, who may not, for example, use excessive

14  force against prisoners.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The Amendment

15  also imposes duties on prison officials, who must provide all prisoners with the basic

16  necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.

17  See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  A prison official violates the Eighth

18  Amendment when two requirements are met: (1) the deprivation alleged must be, objectively,

19  sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind.

20  Id. at 834.

21      Here, even after applying the standard of liberal interpretation afforded the claims of

22  pro se litigants, the Court finds plaintiff has failed to state a cognizable claim for relief under

23  42 U.S.C. § 1983.  Specifically, plaintiff's claims of psychological and physical injury are

24  subject to dismissal under 28 U.S.C. § 1915A because the particular allegations made "rise to

25  the level of the irrational or the wholly incredible."  See Denton, 504 U.S. at 33.  Such

26  dismissal will be with prejudice and without leave to amend, as any amendment to a state a

27  claim based on such delusional allegations would be futile.  See Janicki Logging Co. v.

28  Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where

United States District Court
For the Northern District of California

1    amendment constitutes exercise in futility).

2                                    **CONCLUSION**

3           For the reasons stated above, the Court orders as follows:

4           1.   Plaintiff's applications for leave to proceed in forma pauperis, and his motion for

5    an extension of time to file an application to proceed in forma pauperis, are hereby DENIED

6    as moot.  (Docket Nos. 2, 4 & 6.)

7           2.  The complaint is hereby DISMISSED with prejudice.

8           This order terminates Docket Nos. 2, 4 and 6.

9           The Clerk shall close the file.

10          IT IS SO ORDERED.

11   DATED: March 16, 2009

12                                    _____
                                     MAXINE M. CHESNEY
13                                    United States District Judge